UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| LT. RICHARD T. GANGLER AND LT. DANIEL S. McSEVENEY,<br><br>        Plaintiffs,<br><br>   v.<br><br>UNITED STATES OF AMERICA THROUGH ITS DEPARTMENT OF DEFENSE AND NAVY,<br><br>        Defendants. | 1:06-cv-0362 OWW LJO<br><br>SCHEDULING CONFERENCE ORDER<br><br>Opposition to Motion to Dismiss Filing Deadline: 8/14/06<br><br>Reply Filing Deadline: 8/16/06<br><br>Hearing on Motion to Dismiss: 8/21/06 11:00 Ctrm. 3 |

I.   Date of Scheduling Conference.

    August 9, 2006.

II.  Appearances Of Counsel.

    Lewis, Brisbois, Bisgaard & Smith LLP by Timothy R. Lord, Esq., appeared on behalf of Plaintiffs.

    Kimberly A. Gaab, Esq., Assistant United States Attorney, appeared on behalf of Defendants.

III. Summary of Pleadings.

    1.   Lieutenant Daniel McSeveney and Lieutenant Richard Gengler (hereinafter "Plaintiffs") are Naval Officers and Aviators who reside within the jurisdiction of this Court.

1

1  Defendant Untied States through its Department of Defense, Navy
2  and Secretary Donald C. Winters (hereinafter "Defendants") are
3  also subject to this Court's jurisdiction.  Plaintiffs seek
4  immediate discharge from the Navy.
5       2.   Plaintiffs filed a petition for writ of habeas corpus
6  in their verified complaint and it is well-established that the
7  federal courts have habeas corpus jurisdiction over claims of
8  unlawful detention by members of the military in the context of a
9  dispute arising from contracts for military service.  *Peavy v.*
10 *Warner*, 493 F.2d 748, 749 (5th Cir. 1974).  The Ninth Circuit has
11 held that the equitable remedy of specific performance is a
12 proper remedy in habeas corpus proceedings and stated that
13 "[f]ederal habeas corpus practice, as reflected by the decisions
14 of this Court, indicates that a court has broad discretion in
15 conditioning a judgment granting habeas relief.  Federal courts
16 are authorized, under 28 U.S.C. § 2243, to dispose of habeas
17 corpus matters 'as law and justice require.'"  *Riggs v. Fairman*,
18 399 F.3d 1179, 1183 (9th Cir. 2005) (quoting *Hilton v.*
19 *Braunskill*, 481 U.S. 770, 775 (1987).  It is also well
20 established that this court has broad discretion to frame a
21 judgment granting habeas relief.  *Riggs*, 399 F.3d 1179 at 1183;
22 *Braunskill*, 481 U.S. at 775.  Consequently, courts can enter a
23 judgment in Plaintiffs' favor pursuant to its habeas corpus
24 jurisdiction based on the equitable principles of estoppel and
25 upon a finding of arbitrary and capricious agency conduct.  There
26 is no dispute this Court has the jurisdiction to hear the merits
27 of Plaintiffs' petition for habeas corpus.
28      3.   In addition to seeking the remedies above by way of

1 writ for habeas corpus, and in the alternative, Plaintiffs seek
2 the equitable relief of discharge as a remedy under applicable
3 contract law principles that apply the same equitable principles.
4      4.   Finally, as a separate and distinct basis for the
5 relief requested, Plaintiffs also seek relief pursuant to the
6 Administrative Procedures Act (hereinafter "APA"), 5 U.S.C. §§
7 702-706 which serves to waive Defendant's sovereign immunity,
8 *B.K. Instrument, Inc. v. United States*, 715 f.2d 713, 724 (2d
9 Cir. 1983), and permits judicial review of "final agency action
10 for which there is no other adequate remedy in a court" should a
11 party be "adversely affected or aggrieved" by that action.  5
12 U.S.C. §§ 702, 704.  *Id.*  Defendants admit that Plaintiffs have
13 exhausted all administrative remedies and it is undisputed that
14 Defendants allowed at least eight pilots early release pursuant
15 to Agreements identical to Plaintiffs.  The facts show that in so
16 doing, Defendants violated the following applicable legal
17 standard of appropriate agency conduct as stated by the Ninth
18 Circuit:

> The APA provides that a court, when reviewing agency
> action, shall 'hold unlawful and set aside agency
> action, findings, and conclusions found to be ...
> arbitrary, capricious, an abuse of discretion, or
> otherwise not in accordance with law."  5 U.S.C. § 706.
> An agency's action violates this standard if the agency
> has relied on factors which Congress has not intended
> it to consider, entirely failed to consider an
> important aspect of the problem, offered an explanation
> for its decision that runs counter to the evidence
> before the agency, or is so implausible that it could
> not be ascribed to a difference in view or the product
> of agency expertise. *City of Sausalito v. O'Neill*, 386
> F.3d 1186, 1206 (9th Cir. 2004) (quoting *Motor Vehicle
> Mfrs. Ass'n v. State Farm Mut. Auto. Ins. Co.*, 463 U.S.
> 29, 43, 103 S.Ct. 2856, 77 L.Ed.2d 443 (1983)).

28 *Ranchers Cattlemen Action Legal Fund Untied Stockgrowers of*

3

*America v. USDA*, 415 F.3d 1078, 1093 (9th Cir. 2005). Specifically Defendants' conduct in failing to discharge Plaintiffs upon submission of their requests for discharge after doing so to at least eight pilots with identical agreements was contrary to the law, arbitrary, capricious, and without a reasoned explanation. *Donovan v. Adams Steel, Inc.*, 766 F.2d 804, 807 (3d Cir. 1985) (if an agency departs from its own precedent with a reasoned explanation, the agency may be said to have acted arbitrarily and capriciously).

5.  There is no precedent on point for the proposition that the service period term contained in Plaintiffs' adhesion Agreements is preempted or otherwise invalidated by a preexisting statute requiring a longer period of service. The "stop loss" cases cited by Defendants can be factually distinguished where the statute itself contemplates the President's statutorily authorized discretionary authority to alter the terms of a preexisting service contract. Here, the Navy is seeking to apply a statute retroactively to alter the terms of Plaintiffs' agreements without such statutory authorization. Further, unlike the agreements at issue in the "stop loss" cases, Plaintiffs' agreements do not specifically incorporate the discretionary power to act prospectively. In fact, Plaintiffs' agreements do not address the issue in this case, *i.e.*, whether a statute containing a preexisting and conflicting period of service term can be used retroactively by Defendants in breach of the agreement to force Plaintiffs to serve the statutory term.

6.  the evidence will show that Defendants made representations that the statutory period should be ignored and

that Plaintiffs relied on these representations to their detriment. Further, the fact that the agreements were signed some 6 years after the statute was filed, is prima facie evidence of intent to engender reliance.

7. Finally, the Ninth Circuit has held that when a "provision thereof is in violation of law but has been fully performed, the courts have variously sustained the contract, reformed it to correct the illegal term, or allowed recovery under an implied contract theory; the courts have not, however, simply declared the contract void ab initio." *American Tel. & Tel. Co. v. U.S.*, 177 F.3d 1368, 1375 (Fed. Cir. 1999); *see Beta Systems, Inc. v. United States*, 838 F.2d 1179, 1185-86 (Fed. Cir. 1988) ("The risk of unintentional failure of a contract term to comply with a legal requirement does not fall solely on the contractor"). *Urban Data Systems, Inc. v. United States*, 699 F.2d 1147, 1154 (Fed. Cir. 1983) (contract price term contrary to law did not invalidate fully performed contract). In this case, Plaintiffs have fully performed their obligations under the agreements and voiding the seven-year term to replace it with an eight-year term would unfairly benefit Defendants who are in breach of the agreements.

8. Plaintiffs make a number of contentions above based on alleged undisputed facts. Defendants dispute Plaintiffs' factual and legal contentions in their entirety, except as expressly set forth in paragraph 3(A) below. Defendants have a pending motion to dismiss, in which they maintain that the Court lacks subject matter jurisdiction over many of Plaintiffs' claims and that the claims otherwise lack merit as a matter of law. Defendants

incorporate herein by reference their Motion to dismiss Complaint, filed August 3, 2006.  Under Federal Rule of Civil procedure 12, Defendants' answer is not yet due, and Defendants have not yet answered the complaint.  Nothing in this joint scheduling conference statement is intended to constitute a waiver of any defense that may be asserted by Defendants.  Defendants specifically reserve all of their defenses in this action, including without limitation their defenses of failure to state a claim, lack of subject matter jurisdiction, estoppel, waiver and laches.  This is not an exhaustive list of Defendants' defenses in this action.  Defendants deny all material allegations in the complaint.

IV.   Orders Re Amendments To Pleadings.

    1.   The parties do not anticipate filing any amendments to the pleadings at this time.

V.   Factual Summary.

    A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.

        1.   On April 12, 1996, Plaintiff Gengler signed an "Aviation Officer Candidate (1395) Program Service Agreement," which contains a paragraph stating:  "I consent to serve on active duty as a commissioned officer for a period of <u>seven years</u> from date of designation as a Naval Aviator (unless sooner released to inactive duty or discharged by the chief of Naval Personnel."

        2.   On April 18, 1996, Plaintiff McSeveney signed an "Aviation Officer Candidate (1395) Program Service Agreement," which contains a paragraph stating:  "I consent to serve on

1  active duty as a commissioned officer for a period of <u>seven years</u>
2  from date of designation as a Naval Aviator (unless sooner
3  released to inactive duty or discharged by the Chief of Naval
4  Personnel."
5       3.   Title 10 U.S.C. § 653 provides, in pertinent part:
6  "The minimum service obligation of any member who successfully
7  completes training in the armed forces as a pilot shall be 8
8  years, if the member is trained to fly fixed-wing jet aircraft. .
9  . ."
10      4.   Plaintiffs were trained to fly fixed-wing aircraft
11 within the meaning of 10 U.S.C. § 653.
12      5.   Plaintiffs requested to be discharged from the
13 military after serving the seven-year term referenced in the
14 Aviation Officer Candidate Program Service Agreements.
15      6.   Plaintiffs' requests to be discharged from the
16 military pursuant to the Aviation Officer Candidate Program
17 Service Agreements were denied.
18  B.  Contested Facts.
19      1.   All other factual matters are contested, including
20 whether Plaintiffs relied on alleged oral statements that they
21 would be discharged after seven years, whether Plaintiffs
22 unreasonably delayed in challenging the eight-year service
23 obligation set forth in 10 U.S.C. § 653, and the circumstances
24 under which other service personnel have been discharged from the
25 military.
26      2.   Plaintiffs and Defendants entered into military
27 service agreements with seven-year service terms.  Defendants
28 refuse to honor the seven-year term.  Defendants have discharged

7

at least eight other Navy pilots with the exact same seven-year term.  Defendants knew or should have known that the statute with the eight year term pre-existed Plaintiffs' agreements by six years.  Defendants discharged approximately 500 pilots in 2003 and 2004.  Defendants are in the process of discharging another 300.  Defendants require P3 pilots to serve seven-year terms despite the statutory requirements of six.

VI.  Legal Issues.

    A.    Uncontested.

        1.    Jurisdiction is disputed.

        2.    If jurisdiction exists, venue is proper in the Eastern District of California.

    B.    Contested.

        1.    Whether Plaintiffs can state a claim as a matter of law.

        2.    Whether Plaintiffs' claims are barred under the doctrines of estoppel, waiver and/or laches.

        3.    The nature and extent of any equitable relief to which Plaintiffs are entitled.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the

statement within a reasonable time of any change in the information.

IX.  Expedited Hearing.

    1.   Plaintiffs seek expedited hearing on the merits of the petition.

    2.   The following schedule is adopted for the government's current pending motion to dismiss:  Plaintiff shall electronically file any opposition on or before August 14, 2006, by 5:00 p.m.  The government's reply shall be due by 5:00 p.m. on August 16, 2006, and shall be electronically filed and served.

    3.   The government's motion to dismiss will be heard August 21, 2006, at 11:00 a.m.  At that time, depending upon the outcome of the motion, an expedited schedule for the balance of the case will be adopted.

    4.   The government will check the availability of Commander Gunter for a deposition following August 21, 2006, in the event the motion to dismiss is denied.  That deposition shall occur if Commander Gunter is available on the 22nd or 23rd of August.

    Scheduling of further proceedings in this case will be addressed after hearing the motion to dismess on August 21, 2006.

IT IS SO ORDERED.

Dated:   August 10, 2006                     /s/ Oliver W. Wanger
emm0d6                                UNITED STATES DISTRICT JUDGE