LEWIS BRISBOIS BISGAARD & SMITH LLP
TIMOTHY R. LORD, SB# 213062
  E-Mail: lord@lbbslaw.com
JEFFREY B. STOLTZ, SB# 193108
  E-Mail: stoltz@lbbslaw.com
One Sansome Street, Suite 1400
San Francisco, California 94104
Telephone:    (415) 362-2580
Facsimile:    (415) 434-0882

Attorneys for Petitioners
LIEUTENANT COMMANDER RICHARD
T. GENGLER and LIEUTENANT COMMANDER DANIEL S. McSEVENEY

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

FRESNO DIVISION

| | |
|---|---|
| LIEUTENANT COMMANDER RICHARD T. GENGLER and LIEUTENANT COMMANDER DANIEL S. McSEVENEY,<br><br>Plaintiffs/Petitioners,<br><br>v.<br><br>UNITED STATES OF AMERICA THROUGH ITS DEPARTMENT OF DEFENSE AND NAVY; AND SECRETARY DONALD C. WINTER,<br><br>Defendants. | CASE NO. 1:06-cv-00362 OWW (LJO)<br><br>MEMORANDUM OF POINTS & AUTHORITIES IN SUPPORT OF EX PARTE APPLICATION TO SHORTEN TIME FOR HEARING ON MOTION REQUESTING ORDER THAT DEFENDANTS ANSWER THE PETITIONS OF LIEUTENANT COMMANDERS GENGLER AND McSEVENEY; ORDER AUTHORIZING PETITIONERS DISCOVERY REQUESTS AND SETTING TIME FOR RESPONSES; ORDER GRANTING REQUEST FOR EVIDENTIARY HEARING PURSUANT TO THE HABEAS CORPUS RULES AND THE FEDERAL RULES OF CIVIL PROCEDURE<br><br>DATE:<br>TIME:<br>CTRM:<br><br>Filed on: March 31, 2006 |

## I. INTRODUCTION

Pursuant to Local Rule 6-144(e), Petitioners hereby seek an expedited hearing on their Motion filed herewith Requesting Order that Defendants Answer the Petitions of Lieutenant Commanders Gengler and McSeveney, Order Authorizing Petitioners Discovery Requests and Setting Time For Responses; Order Granting Request for Evidentiary Hearing Pursuant to the Habeas Corpus Rules and the Federal Rules of Civil Procedure.

As set forth in the attached Declaration of Timothy R. Lord, counsel for Petitioners attempted to contact Defendants' counsel regarding a stipulation for the requested expedited hearing as required by the Local Rules, but Defendants' counsel would not respond to my correspondence and phone calls. See attached Declaration of Timothy R. Lord.

## II. FACTS AND ANALYSIS

Petitioners have filed a motion seeking an Order that Defendants answer their Petitions pursuant to the applicable Habeas Corpus Rules; that this Court authorize Petitioners discovery pursuant to the Habeas Corpus Rules and the Federal Rules of Civil Procedure, including serving Requests for Admissions that consolidate and track the allegations contained in their Petitions; Interrogatories and Requests for Production directed to those Requests for Admissions denied or qualified by Defendants; and this Court's authorization to notice and take the telephonic deposition of persons identified by Defendants in its answers to Interrogatories where its denial or qualification in response to a Request for Admission is based on personal knowledge.

Petitioners further requested an expedited discovery schedule and that upon completion of the discovery requested, an evidentiary hearing be held as soon thereafter as practical to take any further evidence prior to its determination on the merits as allowed by the applicable Habeas Corpus Rules.

Pursuant to Local Rule 78-230(b), a hearing date on a motion is set for no sooner than 28 or 31 days after filing and service. As this Court is well aware, the relief Petitioners seek is immediate discharge from the Navy in accordance with the terms of the contractual seven-year term contained in their Service Agreements. The seven-year period terminated for Lieutenant Commander Gengler and Lieutenant Commander McSeveney in February and April, 2006,

respectively. Consequently, to the extent Petitioners' position is correct, every day spent under Defendants' control is a continuing violation of their Constitutional rights to freedom, liberty and the pursuit of happiness.

Petitioners appreciate the extraordinary efforts of this Court to expedite every proceeding in this case. The underlying motion filed by Petitioners seeks to obtain the factual evidence this Court requires to make a determination on the merits by requiring Defendants to answer the Petitions, respond to discovery keyed to the allegations in the Petitions, to identified and produce relevant documents and persons with knowledge of the facts supporting their denials or qualifying language in response to the Requests for Admissions, and finally a request that an evidentiary hearing be set as soon as practical after the discovery is completed.

Nothing in Petitioners' motion could not have been reasonably anticipated by Defendants. In fact, in its prior briefs, Defendants cited to the very Rules that Petitioners now cite as authority for their requests. As such, there can be no prejudice to providing that Defendants file its Opposition forthwith and that a hearing take place on an expedited schedule.

The Supreme Court in *Harris v. Nelson*, 394 U.S. 286, 289-299 (1969) established that courts have wide latitude in administering justice in habeas corpus proceedings. In this case, expediting the hearing on Petitioners' motion would serve the interests of justice by providing the soonest possible resolution to important issues that must be resolved in order to fully adjudicate Petitioners claims. In this case the phrase "justice delayed is no justice at all" is not a hollow recitation.

### III. CONCLUSION

For all the foregoing reasons, Petitioners' Application for an Expedited Hearing should be granted.

DATED: September 21, 2006          LEWIS BRISBOIS BISGAARD & SMITH LLP

By _____
Timothy R. Lord
Attorneys for Plaintiffs/Petitioners
LIEUTENANT COMMANDER RICHARD T. GENGLER and LIEUTENANT COMMANDER DANIEL S. McSEVENEY

4817-1700-4545.1                    -3-
MEMO. OF P&A'S IN SUPP OF EX PARTE APPLICATION