**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| LT. RICHARD T. GENGLER and LT. DANIEL S. McSEVENEY,<br><br>    Plaintiffs/Petitioners,<br><br>    v.<br><br>UNITED STATES OF AMERICA THROUGH ITS DEPARTMENT OF DEFENSE AND NAVY,<br><br>    Defendants/Respondents. | 1:06-cv-0362 OWW LJO<br><br>ORDER AFTER SCHEDULING CONFERENCE<br><br>Further Scheduling Conference: 12/13/06 8:45 Ctrm. 3 |

I.   Date of Scheduling Conference.

   November 9, 2006.

II.  Appearances Of Counsel.

   Lewis Brisbois Bisgaard & Smith LLP by Timothy R. Lord, Esq. and Charles D. Weisselberg, Esq., appeared telephonically on behalf of Plaintiffs.

   Kimberly A. Gaab, Esq., Assistant United States Attorney, appeared on behalf of Defendants.

III. Summary of Pleadings.

   Petitioners' Contentions

   1.   Petitioners incorporate herein the various pleadings,

1

1  decisions and memoranda issued by this Court including the
2  Court's recent Findings of Fact and Conclusions of Law.  The case
3  is before this Court on the Petitioners' amended petitions for
4  writs of habeas corpus (Docs. 51, 52), which were filed on
5  September 15, 2006.  The Petitioners contend that they are in the
6  custody of Respondents in violation of the Constitution and laws
7  of the United States, and that relief is appropriate under 28
8  U.S.C. § 2241.  The Petition alleges two causes of action, one
9  based on a breach of the Petitioners' Service Agreements with the
10 Navy and the other based upon principles of equitable estoppel.
11      Respondents' Contentions
12      2.   Respondents dispute Petitioners' factual and legal
13 contentions, except as expressly set forth in paragraph 3(A)
14 below.  Pursuant to the Court's November 3, 2006 Memorandum
15 Decision and Order Denying United States' Motion to Dismiss,
16 Respondents have 10 days from service of the order to answer the
17 amended habeas petition.  Nothing in this joint scheduling
18 conference statement is intended to constitute a waiver of any
19 defense that may be asserted by Respondents.  Respondents
20 specifically reserve all of their defenses in this action,
21 including without limitation their defenses of failure to state a
22 claim, estoppel, waiver and laches.  This is not an exhaustive
23 list of Respondents' defenses in this action.  Respondents deny
24 all material allegations in the amended habeas petition.
25 IV.  Orders Re Amendments To Pleadings.
26      1.   The parties do not anticipate filing any amendments to
27 the pleadings at this time.
28 ///

**V.   Factual Summary.**

    **A.   Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

        1.   The Respondents do not contest the following facts: On April 12, 1996, Petitioner Gengler signed an "Aviation Officer Candidate (1395) Program Service Agreement," which contains a paragraph stating: "I consent to serve on active duty as a commissioned officer for a period of <u>seven years</u> from date of designation as a Naval Aviator (unless sooner released to inactive duty or discharged by the Chief of Naval Personnel)."

        2.   On April 18, 1996, Petitioner McSeveney signed an "Aviation Officer Candidate (1395) Program Service Agreement," which contains a paragraph stating: "I consent to serve on active duty as a commissioned officer for a period of <u>seven years</u> from date of designation as a Naval Aviator (unless sooner released to inactive duty or discharged by the Chief of Naval Personnel)."

        3.   Title 10 U.S.C. § 653 provides, in pertinent part: "The minimum service obligation of any member who successfully completes training in the armed forces as a pilot shall be 8 years, if the member is trained to fly fixed-wing jet aircraft...."

        4.   Petitioners were trained to fly fixed-wing aircraft within the meaning of 10 U.S.C. § 653.

        5.   Petitioners requested to be discharged from the military after serving the seven-year term referenced in the Aviation Officer Candidate Program Service Agreements.

        6.   Petitioners' requests to be discharged from the military pursuant to the Aviation Officer Candidate Program

Service Agreements were denied.

    B.    Contested Facts.

        1.    All other factual matters are contested, including whether Petitioners relied on alleged oral statements that they would be discharged after seven years, whether Petitioners unreasonably delayed in challenging the eight-year service obligation set forth in 10 U.S.C. § 653, and the circumstances under which other service personnel have been discharged from the military.

VI.  Legal Issues.

    A.    Uncontested.

        1.    All legal issues are disputed, including whether Petitioners can state a claim as a matter of law, and whether Petitioners' claims are barred under the doctrines of estoppel, waiver and/or laches.

VII. Consent to Magistrate Judge Jurisdiction.

    1.    The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII.    Corporate Identification Statement.

    1.    Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities.  A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX.  Schedule of Case.

    1.    After consulting with the parties, they believe that it

1  is most efficient to complete responses to initial propounded
2  discovery, to receive the answer of the government to the
3  Petition, and to complete the depositions of the Plaintiffs.
4       2.   A Further Scheduling Conference shall be held on
5  December 13, 2006, at 8:45 a.m. in Courtroom 3 at which time the
6  final schedule for the case will be adopted.
7       3.   The parties further agree that responses to outstanding
8  discovery shall be filed on or before November 22, 2006.  The
9  parties further agree that all responses to the complaint and
10 outstanding discovery to be made by the government shall be filed
11 on or before November 22, 2006.

IT IS SO ORDERED.

Dated:   November 9, 2006              /s/ Oliver W. Wanger
emm0d6                            UNITED STATES DISTRICT JUDGE