**UNITED STATES DISTRICT COURT**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| **LT. CMDR. RICHARD T. GENGLER and LT. CMDR. DANIEL S. McSEVENEY,**<br><br>**Petitioners,**<br><br>v.<br><br>**UNITED STATES OF AMERICA THROUGH ITS DEPARTMENT OF DEFENSE AND NAVY; and SECRETARY DONALD C. WINTER,**<br><br>**Respondents.** | 1:06-CV-00362 OWW WMW<br><br>MEMORANDUM DECISION AND ORDER RE: DEFENDANTS' MOTION TO DISMISS AS MOOT. |

## I.  INTRODUCTION[1]

Before the court for decision is Defendants' motion to dismiss as moot the habeas corpus petitions of Lieutenant Commanders Richard T. Gengler and Daniel S. McSeveney.  (Doc. 118.)  Petitioners, who served as fixed wing jet pilots in the United States Navy, originally filed suit on March 31, 2006, alleging that the United States was breaching the explicit seven-year active duty terms contained within their military service contracts by requiring them to serve eight years active duty, the term of service for fixed-wing jet pilots provided in a federal statute, 10 U.S.C. § 653.  On December 20 and December 19, 2006, respectively, Petitioners were discharged from active duty.  The

---

[1]  The factual background of this dispute is set forth in a numerous memoranda.  (*See* Docs. 49, 102, 107.)

**1**

1  United States contends that the discharges render this case moot,
2  depriving this court of jurisdiction over the matter.
3  Petitioners do not object to dismissal of the case, acknowledging
4  that their release from active duty means that they are longer in
5  the custody of Defendants.  Petitioners consent to dismissal of
6  the case, but not on mootness grounds, arguing that the voluntary
7  cessation exception to the mootness doctrine applies here.
8  Instead, Petitioners request that the district court enter an
9  order of dismissal without reaching the mootness issue.[2]

## II.  **DISCUSSION**

Article III of the United States constitution requires that a live case or controversy exist throughout all stages of a lawsuit in federal court.  *Gator.com Corp. v. L.L. Bean, Inc.*, 398 F.3d 1125, 1128-29 (9th Cir. 2005).  "If there is no longer a possibility that an appellant can obtain relief for his claim, that claim is moot and must be dismissed for lack of jurisdiction."  *Foster v. Carson*, 347 F.3d 742, 745 (9th Cir. 2003).  "Mootness is a jurisdictional issue; federal courts have no jurisdiction to hear a case that is moot, that is, where no actual or live controversy exists."  *Id*. (internal citations and quotations omitted).  Here, Defendant voluntarily released Petitioners from active duty (*see* Declaration of John David

---

[2] Attached to the declaration of Petitioners' counsel, Jennifer A. Lopez, is a stipulation of dismissal that Petitioners presented to Defendants on March 13, 2007, which, in addition to providing for dismissal, sets forth a series of factual findings. (*See* Doc. 126-2.)  Defendant rejected the stipulation. Petitioners now ask the district court to enter an order of dismissal containing the same language.

Booth, Doc. 118-3), granting Petitioners the only relief they were entitled to seek on habeas corpus. *See Parisi v. Davidson*, 405 U.S. 34, 39 (1972).

Petitioners invoke the voluntary cessation exception to the mootness doctrine. "Ordinarily, voluntary cessation of allegedly illegal conduct does not render a case moot, unless the defendant can show (1) that there is no reasonable expectation that the alleged violation will recur, and (2) that interim relief or events have completely and irrevocably eradicated the effects of the alleged violation." *Luckie v. Envtl. Protection Agency*, 752 F.2d 454, 458-59 (9th Cir. 1985).

Petitioners do not dispute that their permanent release from active duty has "completely and irrevocably eradicated the effects of the alleged violation" upon them. Moreover, having been permanently discharged from active duty, there is no reasonable possibility that Petitioners could again be held in service, barring their voluntary or involuntary re-activation on other grounds. Instead, while acknowledging that this case is not a class action, Petitioners assert that the Navy's conduct toward Petitioners "affects numerous other naval aviators." (Doc. 125 at 4.) Petitioners suggest that the government should therefore "not be permitted to render this case moot simply because they voluntarily ceased their unlawful activity." (*Id*.) But, where the government is the defendant, to satisfy the voluntary cessation doctrine, "the mere probability of recurrence must be coupled with a certainty that the impact will fall on the <u>same objecting litigants</u>." *Luckie*, 752 F.2d at 459 n.7 (emphasis added); *see also Halvonick v. Reagan*, 457 F.2d 311, 313 n.3 (9th

**3**

Cir. 1972).³  Here, there is no chance that these individual Petitioners will suffer from the same allegedly unlawful conduct. The voluntary cessation exception to the mootness doctrine therefore does not apply.

Petitioners' request that the district court enter a separate order dismissing the case without ruling on the issue of mootness is not well founded.  First, as Defendants correctly point out, Petitioners have not formally moved for dismissal, instead choosing to include their request within their opposition to defendants' motion to dismiss as moot.⁴  But, most importantly, a federal court has no jurisdiction over moot claims. *Henrichs v. Valley View Dev.*, 474 F.3d 609, 615 (9th Cir. 2007).  Petitioners cite no legal authority to the contrary.

Petitioner's suggestion that "[a] decision granting the motion to dismiss as moot will tell the Navy that it can do again just what it did here -- fight a case for many months, fold at the eleventh hour, and then claim as a matter of law that the

---

   ³   The United States also notes in its reply brief that the Navy has corrected the error contained with their Officer Candidate Program Service Agreement form signed by Petitioners. Self correction "provides a secure foundation for mootness os long as it seems genuine."  13 A Charles Alan Wright et al., Federal Practice and Proc., §3533.7.

   ⁴   Defendants did not stipulate to dismissal on Plaintiffs terms.  Therefore, Petitioner must obtain court approval to dismiss an action.  Fed R. Civ. P. 41(a)(2)("Except as provided in paragraph (1) of this subdivision of this rule, an action shall not be dismissed at the plaintiff's instance save upon order of the court and upon such terms and conditions as the court deems proper." Ordinarily, Rule 41(a)(2) dismissal must be sought by formal motion.  Cal. Prac. Guide, Fed. Civil Proc. Before Trial ¶ 16:374 (Rutter Group 2006)

**4**

action must be dismissed" is not compelling.  As discussed above, the law validates the propriety of the United States' motion under these circumstances.  Defendants' motion to dismiss as moot is **GRANTED**.  Petitioners' eagerness to teach the government a lesson evinces unjustified overconfidence.

### III.  CONCLUSION

For the reasons stated above, Defendants' motion to dismiss as moot is **GRANTED**.

IT IS SO ORDERED.

**Dated:**   **April 2, 2007**                    /s/ Oliver W. Wanger
b2e55c                                            UNITED STATES DISTRICT JUDGE